# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

MICHAEL EUGENE GOODWIN, JR.,

        Petitioner,

    v.

Commissioner of Correction
TOM ROY,

        Respondent.

Civil No. 12-1050 (PJS/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.   BACKGROUND

In March 2010, Petitioner pled guilty to a controlled substance offense under Minnesota law. He was sentenced to 161 months in prison, and he is presently serving his sentence at the Minnesota Correctional facility at Stillwater, Minnesota.[2]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Petitioner is also serving several other sentences concurrently with the 161-month sentence he received for his controlled substance conviction.

After Petitioner was convicted and sentenced, he filed a direct appeal.  He challenged the sentence imposed for his controlled substance offense, "arguing that the district court abused its discretion by denying his motion for a downward durational departure."  State v. Goodwin, No. A10-1586, A10-1587, (Minn.App. 2011), 2011 WL 1743909 (unpublished opinion) at *1, rev. denied, July 19, 2011.  The Minnesota Court of Appeals rejected Petitioner's argument, and affirmed his sentence, concluding that the trial court "did not abuse its discretion by declining to depart downward dispositionally or durationally in sentencing [Petitioner]."  Id. at *3.  Petitioner asked the Minnesota Supreme Court to review his challenge to his sentence, but that request was summarily denied.

On April 27, 2012, Petitioner filed his current federal habeas corpus petition pursuant to 28 U.S.C. § 2254.  The present petition raises only a single claim for relief, which Petitioner has described as follows:

> "Minn.Sent.Guidelines 11.D.2.a.(5) substantial grounds for downward departure resulting from reverse sting."

(Petition, [Docket No. 1], p. 6, § 12, "GROUND ONE.")

The claim presented here is the same claim that Petitioner presented in his direct appeal in the state courts – i.e., that the trial court misapplied the state sentencing guidelines, and abused its discretion under the guidelines.[3]  That claim, however, is not reviewable in a federal habeas corpus proceeding, for the reasons discussed below.

---

[3]  The petition lists a second ground for relief, which is described only as "Petition for review of direct appeal."  (Petition, p. 8, § 12, "GROUND TWO.") This so-called second claim does not present a separate and distinct legal challenge to Petitioner's sentence; it merely confirms that Petitioner is currently seeking federal habeas review of the sentencing claim that was raised and rejected in his direct appeal in the state courts.

## II.   DISCUSSION

A federal district court can entertain a habeas corpus petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus review is available only for alleged violations of <u>federally</u> protected rights. <u>Wainwright v. Goode</u>, 464 U.S. 78, 83 (1983) (<u>per</u> <u>curiam</u>).

The present petition is not based on the federal Constitution or any federal law. All of Petitioner's arguments involve only state law issues – more specifically, whether the trial court correctly interpreted and applied Minnesota's <u>state</u> sentencing guidelines. The federal Constitution is never mentioned, or even alluded to, anywhere in the present petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here. Petitioner claims only that the state trial court did not properly apply the state sentencing guidelines, and abused its discretion under those guidelines. Again, <u>nothing in Petitioner's habeas corpus petition suggests that he is raising any claim based on the federal Constitution or any federal law</u>.

The Court has not overlooked Petitioner's references to the federal sentencing guidelines. Petitioner has filed a motion with his petition, in which he contends that –

> "The Minnesota [federal] district court should accept review of this case to consider adopting the logic of federal sentencing guidelines, which authorize reduced sentences for defendants who are unfairly induced by the government agents to commit more serious drug crimes then [sic] they could have otherwise afforded to commit.   U.S. Sent. Guideline, § 2D1.1, Application Note 17."

("Motion," [Docket No. 3], p. 2.) Petitioner seems to believe that the Minnesota state courts should construe the state's sentencing guidelines in a manner that would be consistent with

the federal sentencing guidelines.  However, Petitioner does not contend that the federal sentencing guidelines are directly applicable to his case, nor does he contend that the state courts are legally bound to interpret the state guidelines consistently with the federal guidelines.  Furthermore, any such arguments would be unsustainable in any event, because Petitioner has not cited any <u>federal</u> mandate that requires Minnesota's state courts to follow the federal sentencing guidelines.

The United States Supreme Court has repeatedly held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States." <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991).  <u>See</u> <u>also</u> <u>Wainwright</u>, 464 U.S. at 83 ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").  Because Petitioner's current claim for relief is not based on any federal constitutional requirement, his petition must be summarily rejected.

Moreover, even if Petitioner <u>intended</u> to raise some constitutional claim in his current petition, (though he plainly failed to do so), no such claim could be entertained here, because he did not raise any constitutional claim in the state courts.  A federal court normally will not entertain a constitutional claim that is raised in a federal habeas corpus petition, unless that same constitutional claim was previously presented to, and decided on the merits by, the highest possible state court.  28 U.S.C. § 2254(b); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004); <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999).  <u>See</u> <u>also</u> <u>McCall v. Benson</u>, 114 F.3d 754, 757 (8th Cir. 1997) ("before we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal

constitutional claims to the state court"); <u>Hall v. Delo</u>, 41 F.3d 1248, 1249 (8th Cir. 1994) (same).  In this case, if Petitioner intended to present any federal constitutional claim to the state courts, he clearly failed to alert the state courts of that intent.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995) (<u>per</u> <u>curiam</u>) ("[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").

"Even if state law 'bears some relation to' federal constitutional requirements, '<u>habeas petitioners must have explicitly cited to the United States Constitution or federal case law in their direct [state court] appeal to preserve federal review</u>.'"  <u>Morris v. Norris</u>, 83 F.3d 268, 270 (8th Cir. 1996), quoting <u>Luton v. Grandison</u>, 44 F.3d 626, 628 (8th Cir. 1994), <u>cert</u>. <u>denied</u>, 513 U.S. 1195 (1995) (emphasis added).  Petitioner has not shown that he raised any federal constitutional claim in his direct appeal, (<u>see</u> Petition, p. 3, § 9(f)), and the Minnesota Court of Appeals' opinion on Petitioner's appeal does not mention any such claim.  Because it plainly appears that no federal constitutional claim was fairly presented to the state courts, it follows that no such claim could be entertained here.

Finally, the Court notes that any federal constitutional claim that Petitioner might have intended (but neglected) to raise, or any new constitutional challenge to his sentence that he might hereafter attempt to construct, has been procedurally defaulted.   A constitutional claim raised in a federal habeas corpus petition that has not been previously raised in state court is procedurally defaulted if the state courts will no longer review it because "an independent and adequate state procedural rule" precludes further litigation of the claim.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991).  <u>See</u> <u>also</u> <u>Jones v. Jerrison</u>, 20 F.3d 849, 853 (8th Cir. 1994); <u>Kennedy v. Delo</u>; 959 F.2d 112, 115 (8th Cir.)

("petitioner must present his federal claims to the state courts in a timely or procedurally correct manner in order to provide the state courts an opportunity to decide the merits of those claims"), <u>cert</u>. <u>denied</u>, 506 U.S. 857 (1992).   Here, Petitioner is foreclosed from returning to the state courts with a new constitutional claim, (if he could actually devise one), by reason of state procedural principles governing waiver of claims.   Minnesota law provides that once a prisoner has completed his direct appeal, he is precluded from litigating any additional claims that could have been raised on appeal, but were not. <u>McCall</u>, 114 F.3d at 757, citing <u>State v. Knaffla</u>, 243 N.W.2d 737, 741 (Minn. 1976); <u>Roby v. State</u>, 531 N.W.2d 482, 484 (Minn. 1995).

Any constitutional challenge to Petitioner's sentence that he might have intended to raise here could have been, and should have been, presented in his direct appeal in the state courts.   But again, no such claim was properly raised in the state courts.   Therefore, Petitioner has procedurally defaulted any <u>possible</u> constitutional claim that he might have wanted to bring to federal court, but failed to actually mention in his current habeas petition. <u>McCall</u>, 114 F.3d at 757-58, citing <u>Knaffla</u>, <u>supra</u>; <u>Roby</u>, <u>supra</u>.[4]

## III.   CONCLUSION

Because Petitioner has not identified any federal constitutional basis for his current claim for relief, that claim is not reviewable in a federal habeas corpus action.   Furthermore, even if Petitioner intended to present a constitutional claim, (but neglected to do so), that claim could not be entertained here, because he did not fairly present any constitutional

---

[4]   Although a petitioner's procedural default can be overcome by showing cause and prejudice or actual innocence, (<u>Coleman</u>, 502 U.S. at 750), Petitioner has made no effort to satisfy either of those standards, and the Court finds no reason to believe that he could do so.

claim in his previous state court proceedings.  State procedural rules preclude Petitioner from returning to state court to raise any constitutional claim that he may now have in mind, so any such claim would be procedurally defaulted for federal habeas purposes.  The Court will therefore recommend that this action be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Having determined that this action must be summarily dismissed, the Court will also recommend that Petitioner's anomalous motion for "relief from a conviction or sentence," (Docket No. 3), be denied, and that his application for leave to proceed in forma pauperis, (Docket No. 2), be denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.    CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, it is extremely unlikely that any other court, including the Eighth Circuit Court of Appeals, could decide Petitioner's claims any differently than they have been decided here.  Petitioner obviously has not made "a substantial showing of the denial of a constitutional right," because his petition does not present any constitutional claim at all.

7

Moreover, Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

## V.   RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1.   Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **SUMMARILY DENIED**;

2.  Petitioner's application to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

3.  Petitioner's motion for "relief from a conviction or sentence," (Docket No. 3), be **DENIED**;

4.  This action be **DISMISSED WITH PREJUDICE**; and

5. Petitioner should **NOT** be granted a Certificate of Appealability.

Dated:        May 8, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **May 22, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within 14 days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.