UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL EUGENE GOODWIN, JR., | Case No. 12-CV-1050 (PJS/JSM) |
| Petitioner, | |
| v. | ORDER ADOPTING REPORT AND RECOMMENDATION |
| TOM ROY, Commissioner of Corrections, | |
| Respondent. | |

Michael Eugene Goodwin, Jr., petitioner pro se.

Christina Davenport and Karin L. Sonneman, WINONA COUNTY ATTORNEY'S OFFICE, for respondent.

Petitioner Michael Eugene Goodwin, Jr. pleaded guilty to a first-degree controlled-substance offense in Minnesota state court and was sentenced to 161 months' imprisonment. Goodwin appealed his sentence and, on May 9, 2011, the Minnesota Court of Appeals affirmed. *See State v. Goodwin*, No. A10-1586, A10-1587, 2011 WL 1743909, at *2 (Minn. Ct. App. May 9, 2011). Goodwin's petition to the Minnesota Supreme Court to review his sentence was summarily denied.

This matter is before the Court on Goodwin's objection to Magistrate Judge Janie S. Mayeron's May 8, 2012 Report and Recommendation ("R&R"). Judge Mayeron recommends that Goodwin's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be summarily denied and dismissed with prejudice. *See* ECF No. 5. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Mayeron that Goodwin has not raised any claim based on a violation of his *federal* constitutional or statutory rights. Instead, Goodwin argues, as he did before the Minnesota Court of Appeals,

that the sentencing judge should have departed downward under the *state* sentencing guidelines because he might have been eligible for a departure had the federal sentencing guidelines applied.  Specifically, Goodwin contends that the federal sentencing guidelines contemplate a downward departure if the police induce a suspect to purchase more drugs than he otherwise would have purchased by selling the drugs at artificially low prices.  *See* U.S.S.G. § 2D1.1 cmt. n. 14.  The sentencing judge erred, says Goodwin, by not adopting the logic of the federal sentencing guidelines and departing downward under the state sentencing guidelines.

As Judge Mayeron explained, state courts are not required to follow federal sentencing guidelines when sentencing defendants on state-law crimes.  In other words, whether the sentencing judge correctly applied the state sentencing guidelines is a question of state law, which is not reviewable by a federal court in a habeas proceeding.  *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law question."); *Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings."); *see also Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures.").  Accordingly, the Court overrules Goodwin's objection and adopts the R&R.[1]

---

[1] In his objection to the R&R, Goodwin requests that the Court appoint him counsel. Courts may appoint counsel in a § 2254 proceeding if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Among the factors that the Court must consider in deciding whether to appoint counsel are (1) whether petitioner has made "non-frivolous arguments"; (2) whether petitioner will "substantially benefit from the appointment of counsel"; and (3) whether the factual and legal issues are complex.  *See Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).
(continued...)

ORDER

Based on the foregoing, and on all of the files and records herein, the Court ADOPTS the R&R [ECF No. 5].  IT IS HEREBY ORDERED that:

1. Petitioner Michael Eugene Goodwin, Jr.'s 28 U.S.C. § 2254 petition for a writ of habeas corpus [ECF No. 1] is DISMISSED WITH PREJUDICE.

2. Goodwin's application to proceed in forma pauperis [ECF No. 2] is DENIED.

3. Goodwin's motion for "relief from a conviction or sentence" [ECF No. 3] is DENIED.

4. Goodwin's request for appointment of counsel is DENIED.

5. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 6, 2012                                s/Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge

---

[1](...continued)
Goodwin's claim is not legally cognizable and, thus, he would not "substantially benefit" from the appointment of counsel.  Goodwin's request is therefore denied.